IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  5:17CR454 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| JANICE M. SHUFFORD, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States, by and through its attorneys, Justin E. Herdman, United States Attorney, and Brian McDonough, Assistant United States Attorney, and hereby submits this memorandum to aid the Court in its sentencing of Defendant Janice M. Shufford.  The United States requests the Court to impose a 191-month prison sentence on Shufford: a 71-month Guideline sentence for the wire fraud conspiracy and wire fraud substantive counts, consecutive to a 120- month sentence for the five aggravated identity theft counts run consecutively to each other.  Such a sentence would reflect the seriousness of the offenses, reflect the level of Shufford's involvement in the offenses, and deter future criminal conduct by Shufford and others.

**I.      Background**

The facts giving rise to Shufford's offenses were testified to at trial and also set forth in detail in the Presentence Investigation Report ("PSR").  *See* PSR ¶¶ 9–17, Doc No. 97.  Shufford

masterminded a conspiracy where she lied on college and financial aid applications and used stolen identities to get money from the Department of Education to which she was not entitled. She recruited and paid other to obtain personal identifying information (PII)) to create straw students. She logged in to Maricopa Community College to appear to attend classes as straw students so that she could receive aid from the schools for purported book and college expenses.

As reflected in the PSR, this scheme involved defrauding the Department of Education of over $1.8 million in financial aid intended for eligible students. Shufford's conduct was particularly serious and complex, victimizing numerous individuals in aggravated identity theft and resulting in a comprehensive investigation by Maricopa Community College as to how approximately 400 straw students from Akron, Ohio, (from the same Internet Protocol address) received financial aid and later dropped or withdrew from classes. The IP address resolved to Shufford's house.

Co-defendant's Bridgid Sommerville and Christine Robinson pleaded guilty and accepted responsibility for their minor roles. Shufford did not, elected to proceed to a trial, and a jury found her guilty on all counts: one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; five counts of Wire Fraud, in violation of 18 U.S.C. § 1343; and five counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.

### II.     Applicable Legal Standards

Familiar legal principles guide the Court's sentencing determination. The advisory Guidelines range serves as "the starting point and the initial benchmark" and thus remains an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court then considers the factors set forth in 18 U.S.C. § 3553(a).

### III. Sentencing Guidelines Computation

The PSR assigned a base offense level of 7. PSR ¶ 23, Doc No. 97. A 16-level increase applied for a loss amount between $1,500,000 and $3,500,000. *Id.* ¶ 24. A two-level increase applied for Shufford's role as an organizer/leader in spearheading the conspiracy and instructing others how to commit this crime. *Id.* ¶ 26. The PSR assigned Shufford a Criminal History Category I. *Id.* ¶ 36. The applicable Guideline range for the above crimes is therefore 57 to 71 months. *Id.* ¶ 55. Under United States Sentencing Guideline Section 2B1.6, the Guideline range for Shufford's five Aggravated Identity Theft convictions is 24 months. *Id.* ¶ 32. These convictions require a mandatory prison sentence of two years consecutive to sentences for other crimes. *Id.* ¶ 32.

### IV. Application of Section 3553(a) Factors

The government requests the Court impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, provide just punishment, and deter similar future conduct by Shufford and others.

The nature and circumstances of the offense are troubling and serious. The scheme involved a fraud of over $1.8 million from the Department of Education and numerous identity theft victims. The government requests the Court impose a sentence that accurately reflects the seriousness of the offense, as well as Shufford's level of culpability and participation in the scheme relative to her co-conspirators.

Shufford's claim that her loss amount is an illegal "trial tax" is wrong. (Shufford's Sent. Memo, Doc. 100, PageID 550). "[T]he Supreme Court's plea bargaining decisions make it clear that a state is free to encourage guilty pleas by offering substantial benefits to a defendant, or by threatening an accused with more severe punishment should a negotiated plea be refused."

3

*Williams v. Jones,* 231 F.Supp.2d 586, 599 (E.D.Mich.2002) (citing *Corbitt v. New Jersey*, 439 U.S. 212, 223–24, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978); *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)). Although a defendant is free to accept or reject a plea bargain, once that bargain has been rejected, "the defendant cannot complain that the denial of the rejected offer constitutes a punishment or is presumptive evidence of judicial vindictiveness." *Id*. To demonstrate a constitutional violation, a defendant must "affirmatively prove actual vindictiveness" on the basis of the record. *Wasman*, 468 U.S. at 569. *Fears v. Miller*, No. 1:09CV698, 2009 WL 6315341, at *10 (N.D. Ohio Dec. 1, 2009), report and recommendation adopted, No. 1:09CV698, 2010 WL 1258096 (N.D. Ohio Mar. 30, 2010).

Here, Shufford's co-defendants, Sommerville and Robinson, entered into plea agreements with the United States. Shufford was offered the same terms and declined. Shufford cannot now complain that she is being penalized. Accordingly, she is responsible for the entire amount of the fraud.

Shufford's claim that she should not be subject to a role enhancement is also wrong. (Shufford's Sent. Memo, Doc. 100, PageID 551). Testimony at trial proved that Shufford was an organizer/leader who ran this conspiracy from her home. She used her computer in her living room to commit her crimes. She recruited and paid others to supply her with PII. She completed FAFSA forms, applied for admission, and logged in to appear to take classes. At the execution of the search warrants, she was caught with her computer logged onto a Maricopa Community College. She had pages and pages of PII. She had copies of Ohio drivers' licenses with Maricopa Community College student identification numbers and email accounts. During the search warrant, she admitted to the FBI and Department of Education – Office of Inspector General special agents that she knew her conduct was fraudulent.

In contrast to Shufford, co-conspirators Sommerville and Robinson played a minor role. Their conduct was limited in size and scope to Shufford's conduct. Their activity involved loss amounts of approximately $520,000 and $75,000 respectively, and all foreseeable by Shufford. Sommerville and Robinson would not have committed their crimes but for Shufford. Unlike, Shufford, Sommerville and Robinson accepted responsibility and pleaded guilty under their plea agreements. Accordingly, Shufford's role enhancement is proper.

Lastly, Shufford's request for a departure or variance because she has "months to live" due to a heart condition is unavailing. She does not claim to be hospice-eligible like the defendant in *United States v. Streat*, 893 F. Supp. 754, 757 (N.D. Ohio 1995), who suffered from AIDS and chronic wasting at the time of his sentencing. Shufford has failed to include any purported terminal diagnosis by her doctors with her sentencing memorandum. While she does receive Social Security Disability for a latex allergy that precludes her from working outside the home, her condition did not prevent her from leaving her home to sign up family, friends, and neighborhood residents for federal student financial aid. Accordingly, this Court should not grant a variance of departure based on Shufford's health or age.

In summary, the United States requests this Court impose a 191-month prison sentence on Shufford. This sentence accurately reflects her participation in the offense relative to her co-conspirators, while also accounting for the need to deter future criminal conduct by Shufford.

**V.     Restitution**

The United States requests that the Court enter a restitution order against Shufford for

$1,826,064 owed to the Department of Education under 18 U.S.C. § 3663A as outlined in the Presentence Investigation Report.  *See* PSR ¶¶ 67-68, Doc. No. 97.

                Respectfully submitted,

                JUSTIN E. HERDMAN
                United States Attorney

By:   /s/ Brian McDonough
        Brian McDonough (OH:0072954)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3965
        (216) 522-2403 (facsimile)
        Brian.McDonough@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of November 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Brian McDonough<br>
Brian McDonough<br>
Assistant U.S. Attorney